# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Arlander Keys | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 7438 | **DATE** | 8/1/2003 |
| **CASE TITLE** | Washington et al. vs. Village of Riverside et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Memorandum Opinion and Order entered. Defendants' Motion for Related Nontaxable Expenses [#62] is granted in the amount $3,292.50. *AK*
(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | 4 number of notices | Document Number |
| | No notices required. | | |
| ✓ | Notices mailed by judge's staff. | AUG 0 4 2003 date docketed | |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | 8/1/2003 date mailed notice | |
| | Copy to judge/magistrate judge. | | |
| FT/*aloy* courtroom deputy's initials | | FT mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MANUEL WASHINGTON and DANIEL PARKER, <br><br> Plaintiffs, <br><br> vs. <br><br> VILLAGE OF RIVERSIDE ILLINOIS, a Municipal Corporation, OFFICER JEFFREY SIMPSON, OFFICER MARCUS YANEZ, OFFICER LEO KOTOR JR., OFFICER WILLIAM NIESLUCHOWSKI, SGT. TOM WEITZEL, VILLAGE OF LYONS ILLINOIS, a Municipal Corporation OFFICER JOHN MORELLI, OFFICER FRANK TENTONICO., VILLAGE OF BROOKFIELD ILLINOIS, a Municipal Corporation, VILLAGE OF BERWYN ILLINOIS, a Municipal Corporation, <br><br> Defendants. | Case No.: 01 C 7438 <br><br> Magistrate Judge Arlander Keys <br><br> DOCKETED <br> AUG 0 4 2003 |

**MEMORANDUM OPINION AND ORDER**

Currently before the Court is the defendants' Motion for Related Nontaxable Expenses. For the reasons set forth below, the Court grants the motion but disallows some of the costs the defendants seek.

**BACKGROUND**

Manuel Washington and Daniel Parker sued the villages of Riverside, Brookfield, and Lyons, and various police officers employed by those villages, for injuries allegedly suffered during a routine traffic stop that went awry; the stop turned

into a high speed chase and ended with the plaintiffs' arrest. In their complaint, the plaintiffs alleged that the defendants used excessive force in arresting them, battered them, falsely arrested and imprisoned them, and otherwise violated their constitutional rights in a variety of ways. The Court found that the evidence did not support the plaintiffs' claims, and, on March 13, 2003, granted summary judgment in favor of the defendants. *See Washington v. Village Of Riverside,* No. 01 C 7438, 2003 WL 1193347 (N.D. Ill. March 13, 2003). The plaintiffs did not appeal that ruling.

On June 11, 2003, the defendants filed a Motion for Related Nontaxable Expenses, seeking reimbursement of expenses in the amount of $4,115.70. Specifically, the defendants seek reimbursement for the following expenses: a) $812.80 for costs associated with part 1 of Manuel Washington's deposition; b) $383.40 for costs associated with part 2 of Washington's deposition; c) $329.30 for costs associated with David Parker's deposition; d) $547.20 for costs associated with Dr. Cortez Tucker's and Sylvia Jurisch's depositions; e) $ 733.00 for costs associated with the transcription of five hours of police videotape and booking room videotape; and f) $1,310.00 for costs associated with the creation of a CD-ROM containing video and audio used to support the defendants' motion for summary judgment. *See* Defendants' Motion for Related Nontaxable Expenses

¶2. The plaintiffs urge the Court to deny the motion, and award no costs, based on their inability to pay. Plaintiffs' Response ¶6.

## DISCUSSION

As an initial matter, the Court must clarify what rules apply to this motion. In the caption of their motion, the defendants reference Local Rule 54.3, which deals with attorney's fees and related non-taxable expenses and supplements Federal Rule of Civil Procedure 54(d)(2). But based on the substance of the defendants' request, the Court assumes that the motion is covered by Rule 54(d)(1), which deals with costs other than attorney's fees. This subsection is supplemented by Local Rule 54.1, not Local Rule 54.3. The Court's assumption is buttressed by the fact that the defendants, in their reply brief, quote language that they claim comes from Rule 54, but which actually comes from Rule 54(d)(1). Therefore, the defendants' extensive arguments regarding their attempts to meet and confer with plaintiffs prior to filing the motion, while relevant to an analysis under Local Rule 54.3, are irrelevant to the Court's analysis herein.

Under Federal Rule of Civil Procedure 54(d)(1), "costs other than attorney's fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d). The Seventh Circuit has interpreted the rule to

provide that "the prevailing party is *prima facie* entitled to costs and it is incumbent on the losing party to overcome the presumption." *McGill v. Faulkner*, 18 F.3d 456, 459 (7th Cir. 1994). This presumption is difficult to overcome, and the court must award costs unless the losing party establishes a reason to deny costs. *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 945 (7th Cir. 1997). In general, a court may deny costs for two reasons: 1) the losing party is unable to pay; and 2) the prevailing party engaged in misconduct. *Id.*

To justify the denial of costs based on inability to pay, a losing party must demonstrate that he is indigent, not merely that he has limited financial resources. *Denson v. Northeast Illinois Regional Commuter Railroad Corp.*, No. 00 C 2984, 2003 WL 21506946, at *1 (N.D. Ill. June 27, 2003)(citations omitted). In addition, the losing party must show both that he is presently unable to pay costs, and that he will likely be unable to pay costs in the future. *Id.* The losing party must establish indigence with specific evidence, such as affidavits or other documentary evidence. *McGill*, 18 F.3d at 459; *Denson*, 2003 WL 21506946, at *1. Absent such evidence, the Court may not deny costs on the basis of indigence. *Wardell v. City of Chicago*, No. 98 C 8002, 2002 WL 31248531, at *2 (N.D. Ill. Oct 4, 2002).

Here, the only evidence of the plaintiffs' indigence is plaintiffs' counsel's bald assertion that neither plaintiff has

4

the financial resources to pay the expenses the defendants seek. Counsel states simply, "it appears that neither plaintiff has the financial ability to pay the expenses." Plaintiffs' Response ¶5. Counsel also states that the plaintiffs have been inaccessible since this Court entered summary judgment in favor of the defendants. *Id.* ¶¶ 2-4. Specifically, on the issue of inaccessibility, counsel asserts that she has tried to contact plaintiff Washington on numerous occasions, but that she has been unsuccessful. *Id.* ¶2. Counsel also states that all telephone numbers formerly belonging to Washington have been disconnected. *Id.* As a result, counsel states that she believes that Washington no longer resides at his last known address. *Id.* Regarding Daniel Parker, counsel states that Parker is incarcerated, will be for a number of years, and cannot be contacted. *Id.* ¶3. On the issue of indigence, counsel states that Washington paid her a nominal retainer fee, and that Parker paid no retainer fee. *Id.* ¶5. Counsel also states that Washington's retainer fee has long since been exhausted, and that she has incurred outstanding expenses well beyond that nominal fee while litigating the plaintiffs' case. *Id.*

Counsel's representations are not sufficient to support a finding of indigence. First, the mere fact that the plaintiffs are inaccessible says nothing about their ability to pay costs. Moreover, counsel's statements, made without any documentary

support, fall short of demonstrating that the plaintiffs are presently without the funds to satisfy an award, or that they will likely remain without such funds in the future. In fact, counsel's claim of indigence is contradicted to some extent by financial records that Washington produced during discovery. Those records show that Washington's company had revenues in 2001 of $171,500.00, and that, in 1999, he had a gross income of $122,442.00. *See* Exhibits C and G to Defendants' Reply Brief in Support of Motion for Related Nontaxable Expenses. Especially in light of this evidence, counsel's hunch concerning her clients' inability to pay is not sufficient to overcome the presumption that the defendants are entitled to recover their costs. In short, the Court is not persuaded that the plaintiffs are indigent, and the Court will, therefore, not reject the defendants' costs request on this basis.

Having decided that the defendants are entitled to an award of costs, the Court must still determine whether the expenses claimed are recoverable, and the Court must still assess the reasonableness of the costs requested. *See Cengr v. Fusibond Piping Sys., Inc.*, 135 F.3d 445, 454 (7th Cir. 1998). The costs that may be recovered under 54(d)(1) are specified in 28 U.S.C. § 1920. *Id.* at 454 (citing *Weeks*, 126 F.3d at 945). Under section 1920, the following costs are recoverable: "(1) Fees of the clerk and marshal; (2) Fees of the court reporter for all or any part

of the stenographic transcript necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and copies of papers necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title." 28 U.S.C. § 1920 (West 2003).

The defendants first seek to recover costs incurred in connection with various depositions taken in the case. Such fees are generally recoverable, as long as the transcripts were "necessarily obtained for use in the case." 28 U.S.C. § 1920(2). To determine whether the transcripts were "necessarily obtained for use in this case," the Court asks "whether the deposition was 'reasonably necessary' to the case at the time it was taken . . . ." *Cengr*, 135 F.3d at 455 (citing *Finchum v. Ford Motor Co.*, 57 F.3d 526, 534 (7th Cir. 1995). The depositions for which the defendants seek reimbursement are those of the plaintiffs (Washington and Parker), Washington's physician (Dr. Tucker), and an eyewitness to the events (Sylvia Jurisch). The plaintiffs do not dispute that these depositions were necessarily obtained for use in the case, and the Court has no reason to doubt that this is so. In fact, the Court specifically relied upon these transcripts in granting summary judgment in the defendants'

favor, and, accordingly, the Court finds that the defendants are entitled to recover these costs.

The question remains as to whether the amounts sought for the deposition transcripts are reasonable. Local Rule 54.1(b) states that a prevailing party is entitled to costs paid for deposition transcripts at a rate that does not exceed the regular copy rate in effect at the time the transcript or deposition was filed, as established by the Judicial Conference of the United States. The Judicial Conference copy rates in effect at the time allowed the prevailing party to recover $3.00 per page for regular transcripts, and $.75 per page for copies of transcripts. *Cengr*, 135 F.3d at 456. As the Court will explain, in some cases, the amounts the defendants seek for transcripts exceed these rates.

The defendants first seek to recover $812.80 for part 1 of Manual Washington's deposition. According to the invoice submitted by the defendants, this amount consists of a $3.20 per page charge for regular delivery of the original transcript, and an attendance fee of $240.00. Consistent with Local Rule 54.1, the Court will allow the defendants to recover $3.00 per page for the transcript, plus the attendance fee, and, therefore, awards a total of $777.00 for part 1 of Washington's deposition.

The defendants next seek to recover $383.40 for part 2 of Washington's deposition. According to the invoice submitted by

the defendants, this amount consists of a $2.20 per page charge for regular delivery of a copy of the transcript, and a processing fee of $5.00.[1] Consistent with Local Rule 54.1, the Court will allow the defendants to recover $.75 per page for the transcript, plus the processing fee, and, therefore awards a total of $134.00 for part 2 of Washington's deposition.

The defendants next seek to recover $329.30 for Daniel Parker's deposition. According to the invoice submitted by the defendants, this amount consists of a $2.30 per page charge for expedited delivery of a copy of the transcript, plus a $5.00 processing fee. Consistent with Local Rule 54.1, the Court will allow the defendants to recover $.75 per page for the transcript, plus the processing fee, and, therefore, awards a total of $110.75 for Parker's deposition.

The defendants next seek to recover $417.50 for Dr. Tucker's deposition. According to the invoice the defendants submitted, this amount includes a $2.50 per page charge for regular delivery of a copy of the transcript, plus a $10.00 fee for exhibits and a $5.00 processing fee. Consistent with Local Rule 54.1, the Court will allow the defendants to recover $.75 per page for the

---

[1] Given the amount charged, and given that this was a continuation of the same deposition covered in the invoice discussed above, the Court questions whether this invoice actually covers the original transcript, rather than a copy. But in the absence of any clarification from the defendants, the Court will accept the invoices at face value, and award costs based on what they establish.

transcript, plus the exhibits and processing fees, and, therefore, awards a total of $135.75 for Dr. Tucker's deposition.

Finally, the defendants seek to recover $129.70 for Sylvia Jurisch's deposition. According to the invoice submitted by the defendants, this amount consists of a $4.30 per page charge for two-day delivery of the original transcript, plus a $5.00 processing fee. The court will allow defendants to recover $3.00 per page for the transcript, plus the processing fee, and, therefore awards a total of $92.00 for Jurisch's deposition. The defendants are not entitled to recover the costs they incurred for expedited delivery of the transcript. *See Tirapelli v. Advanced Equities, Inc.*, 222 F.Supp. 2d 1081, 1085, 1086 (N.D. Ill. 2002); *Rogers v. City of Chicago*, No. 00 C 2227, 2002 WL 423723, at *2 (N.D.Ill. Mar. 15, 2002)(expedited delivery costs are generally considered ordinary business expenses that may not be charged in relation to obtaining transcripts).

In total, the Court finds that the defendants are entitled to an award of $1,249.50 in deposition related costs.

In addition to the deposition related costs, the defendants seek to recover the costs associated with having the police videotape and the booking room videotape transcribed. They also seek to recover half of the costs associated with the creation of a CD-ROM containing clips from those tapes, which the defendants submitted in support of the motion for summary judgment that led

to the disposition of the case in their favor. The Court specifically relied upon both the videotape and the CD-ROM to grant the defendants' motion for summary judgment on the plaintiffs' excessive force claims. Both were essential to the Court's determinations concerning the amount of force used by the defendants and the reasonableness of that force under the circumstances. Thus, the Court finds that both the tape transcriptions and the CD-ROM were necessary to this litigation.

Section 1920 does not specifically identify the cost of creating a CD-ROM as a cost that can be recovered in litigation by the prevailing party. Section 1920(4) does, however, allow the prevailing party to recover "fees . . . for copies of papers necessarily obtained for use in [a] case." And the CD-ROM submitted by the defendants essentially substituted for the copies of papers that normally accompany and support a motion for summary judgment. For example, in cases involving breach of contract, it would be appropriate and meaningful for a party to attach to the summary judgment motion a copy of the contract in question. Given the nature of this case, the CD-ROM was the best way to get the relevant evidence before the Court; submitting copies of transcripts of the videotape, or copies of still shots from the tapes, would have been considerably less meaningful and useful to the Court. Additionally, although creating a CD-ROM may be more expensive than copying, say, a contract, the

defendants seek to be reimbursed for only half of the costs incurred, and the plaintiffs have not objected to the amount sought. Therefore, the Court finds that the defendants are entitled to recover the costs they incurred to have the videotapes transcribed ($733.00), and that they are entitled to recover half of the costs they incurred to have a CD-ROM made ($1,310.00), for a total award in this regard of $2,043.00.

## CONCLUSION

For the foregoing reasons, the Court grants the defendants' Motion for Related Nontaxable Expenses, as modified in this opinion. The Court finds that the defendants are entitled to recover from the plaintiffs $3,292.50, as follows: (1) $1,249.50 for depositions and transcripts; (2) $733.00 for transcribing the police and booking room videotapes; and (3) $1,310.00 for half the cost of creating a CD-ROM containing video and audio clips. The plaintiffs are jointly and severally liable for payment of the approved amount.

Dated: August 1, 2003

ENTER:

_____
ARLANDER KEYS
United States Magistrate Judge